UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE PIERRE,<br><br>    Plaintiff,<br><br>    v.<br><br>C. DIANA NICOLL, et al.,<br><br>    Defendants. | Case No. 13-cv-02427-WHO<br><br>**ORDER ON MOTION TO REMAND, MOTION TO STAY, MOTION TO DISMISS, AND MOTION TO STRIKE**<br><br>Re: Dkt. Nos. 8, 18, 21 |

## BACKGROUND

Pro se plaintiff George Pierre, a homeless veteran, asserts that he was wrongfully evicted from the New Beginnings Center ("NBC"), a transitional housing program. He named two groups of defendants − employees of the San Francisco Veterans' Administration Medical Center ("SFVAMC") (the "VA Defendants"), and staff members of NBC (the "NBC Defendants") − and alleged six causes of action: (1) wrongful eviction; (2) age discrimination; (3) fraud; (4) intentional infliction of emotional distress; (5) negligent infliction of emotional distress; and (6) negligence.

The VA Defendants removed the case from the Superior Court of California, Marin County, to this Court. Dkt. No. 1. Pierre has filed a Motion to Remand and a Motion to Stay. Dkt. Nos. 18, 21. The NBC Defendants have filed a Motion to Dismiss and Motion to Strike. Dkt. No. 8.

Having considered the parties' briefs and the argument of Mr. Pierre and counsel, and for the reasons set forth below, the Motion to Remand and the Motion to Stay are DENIED. The Motion to Dismiss the First, Second, Third, Fourth, and Sixth Causes of Action is GRANTED with LEAVE TO AMEND. The Motion to Dismiss the Fifth Cause of Action is GRANTED with

1    PREJUDICE.  The Motion to Strike is GRANTED.

**FACTUAL BACKGROUND**

George Pierre is a homeless veteran of the United States armed forces.  In February 2012, he became a "participant" in a federally funded transitional housing program.  Compl. ¶ 2-3.  He was assigned a bed in one of the program's facilities at the New Beginnings Center.  Compl. ¶ 6.  Pierre alleges that defendant Amy Marcussen, whom he characterizes as a peer advisor for recovering alcoholics, (i) asked him to provide her with his school schedule, (ii) shouted at him and (iii) would not let him stay in the shelter for a night when he failed to comply.  Compl. ¶¶ 12-13.  Pierre responded that he was not going to leave, so Marcussen asked the police to escort him out.  Compl. ¶¶ 13-14.  Pierre alleges that "defendants" lied to the police by saying that they felt threatened by him and that they put false statements in his record saying the same thing.  Compl. ¶¶ 29-31.  The following evening, Pierre "returned to find that his bed had been overturned."  Compl. ¶ 9.  An NBC employee explained to Pierre that he had "lost his bed."  Compl. ¶ 9.  Pierre left the shelter thereafter.

At some point during his time at NBC, Pierre requested one of the facility's studio apartments, which he preferred over the bed that he was assigned in the facility's "dormitory-type" rooms.  Compl. ¶¶ 22-24.  NBC denied Pierre's request.  Compl. ¶ 24.  When Pierre asked why, an NBC employee told him, "You're too old, we gave it to someone younger who would make better use of it, even though you are both in school.  He has his whole life ahead of him."  Compl. ¶ 24.

Pierre alleges that the VA Defendants are supervisors to the NBC Defendants and are also liable for their conduct.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation

2

omitted). This standard is not akin to a probability requirement, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Where a plaintiff is proceeding pro se, the court has an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, pro se pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## DISCUSSION

### I. MOTION FOR REMAND

Pierre's request to remand this matter to state court is denied. Congress has specifically authorized that actions against federal officials for acts taken under color of federal office may be removed to federal court. 28 U.S.C. §§ 1441(a), 1441(c), 1442(a)(1). Here, the United States Attorney has certified pursuant to 28 U.S.C. § 2679(d) that the VA Defendants were acting in the scope of their employment as employees of the SFVAMC with respect to the allegations in the complaint. Dkt. No. 33. This certification is conclusive for purposes of removal. *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 432-434 (1995). As the VA is an agency of the United States, this Court has subject matter jurisdiction of this action, and removal of this case was proper.

### II. REQUEST FOR STAY

Pierre requests a stay of the proceedings until the Office of the Attorney General can be informed of the case "and be given the opportunity to determine if it needs to comment in any way or file its own brief." Dkt. No. 18 at 6. Pierre also asks the Court to "order the Attorney General

3

1  for the Northern District to apprize [sic] Attorney General Eric Holder directly of the facts in the
2  case and have the Attorney General himself certify the case." Dkt. No. 18 at 6, 11.
3        In determining whether to stay proceedings, the Court considers the following factors: (1)
4  judicial economy; (2) the moving party's hardship; and (3) potential prejudice to the non-moving
5  party. *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1057 (S.D. Cal. 2007).
6  Pierre provides no authority, and the Court is unaware of any, that supports the type of stay Pierre
7  seeks. His request is denied.

8      **III.**    **MOTION TO DISMISS**

9        The NBC Defendants move to dismiss Pierre's complaint on the basis that it fails to
10  comply with the technical pleading requirements of Federal Rules of Civil Procedure 8 and 9(b)
11  and fails to state a substantive claim on which relief may be granted under Federal Rule of Civil
12  Procedure 12(b)(6). Dkt. No. 8. The NBC Defendants also move to strike specific portions of
13  Pierre's complaint as immaterial and irrelevant under Federal Rule of Civil Procedure 12(f).

14      **A.**    **The Complaint Fails to State a Claim Upon Which Relief May be Granted**

15        There are both legal and insufficient pleading reasons why Pierre's Complaint fails to state
16  a claim in any of his six causes of action. Pierre's First Cause of Action is for wrongful eviction.
17  Pierre alleges that he was a "participant" in the NBC transitional housing program pursuant to
18  Health and Safety Code section 50582. Compl. ¶ 6. Section 50582, subdivision (c), states that a
19  "participant" is a homeless person under contract with a program operator to participate in a
20  transitional housing program and to use a dwelling unit in the program site. This section also
21  states that the program operator has a right of control over and access to the program unit occupied
22  by the participant. In other words, a "participant" does not have an exclusive right to possession.
23  But a claim for wrongful eviction requires the dispossession of a party who had a right to
24  possession by one who had no right to evict the other party from the property. *Cunningham v.*
25  *Universal Underwriters*, 98 Cal. App. 4th 1141, 1149-1150 (2002). Accordingly, Pierre has failed
26  to plead the required elements of wrongful eviction.

27        Pierre's Second Cause of Action is for age discrimination. The Complaint references the
28  Fair Housing Act and the Unruh Civil Rights Act. The Fair Housing Act prohibits discrimination

4

1  in the "sale or rental" of a "dwelling" based on "race, color, religion, sex, familial status, or
2  national origin" and was expanded to prohibit discrimination based on disability and familial
3  status. 42 U.S.C. § 3604. Residences within a homeless shelter qualify as "dwellings" within the
4  meaning of the statute. *Cmty. House, Inc. v. City of Boise*, 490 F.3d 1041, 1045 (9th Cir. 2007).
5  While the statute does not expressly ban discrimination based on age, cases challenging age
6  restrictions under the Fair Housing Act can be brought under the Act's prohibition on
7  discrimination based on familial status or the statute's narrow exemptions. *See Balvage v.
8  Ryderwood Improvement & Serv. Ass'n, Inc.*, 642 F.3d 765, 769-772 (9th Cir. 2011). Pierre does
9  not claim that he was discriminated based on familial status, or that NBC falls in the statute's
10 exemptions.

The Unruh Civil Rights Act, California Civil Code Section 51(a), provides that:

> [a]ll persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Section 51.2 further provides that Section 51 "shall be construed to prohibit a business establishment from discriminating in the sale or rental of housing based on age." Pierre sought "placement" in one of NBC's studio apartments, which he preferred to the "open dormitory-type" rooms. Compl. ¶ 23-24. Pierre does not allege that NBC is a business establishment subject to the Unruh Act, or that he was denied the sale or rental of the room. Rather, he was denied a "request to be housed differently." Compl. ¶ 27. The Court is unaware of any cases affording relief under the Unruh Act for such requests. Pierre's factual allegations are insufficient to support a viable cause of action under either statute.

Pierre's Third Cause of Action alleges fraud. The elements of fraud are: (1) a misrepresentation; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damage. *Robinson Helicopter Co., Inc. v. Dana Corp.*, 102 P.3d 268, 274 (2004). Here, Pierre alleges that the defendants made misrepresentations to police officers and wrote false statements in his record at the housing shelter. Compl. ¶¶ 29-31. Pierre does not allege that any

misrepresentations were made to him, or that he acted in reliance upon any misrepresentations. He therefore fails to allege the required elements of fraud.

Pierre's Fourth Cause of Action is for intentional infliction of emotional distress. The elements for intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. *Christensen v. Super. Ct.*, 820 P.2d 181, 202 (1991). Pierre alleges that the defendants evicted him from the transitional housing facility because he refused to provide certain paperwork. This conduct is not sufficiently "outrageous" to support a cause of action for intentional infliction of emotional distress. Pierre also fails to allege any severe or extreme emotional distress, or that the eviction was the proximate cause for the emotional distress. Consequently, Pierre fails to allege the elements of intentional infliction of emotional distress.

As to the Fifth Cause of Action, California does not recognize negligent infliction of emotional distress as an independent cause of action. *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 985, 863 P.2d 795 (1993). It is dismissed with prejudice.

Pierre's Sixth Cause of Action is for negligence. The tort of negligence requires allegations of (a) a legal duty to use due care; (b) breach of that duty; (c) the breach as the proximate cause of the resulting injury. *Ess v. Eskaton Props., Inc.*, 97 Cal. App. 4th 120, 126 (2002). Pierre alleges that defendants "had a duty to manage the transitional housing program in a lawful manner, to refrain from causing damage to Plaintiff and to refrain from unnecessarily breaching Plaintiff's right to occupancy . . . ." Compl. ¶ 47. Pierre has not pleaded any facts to support these conclusory allegations and fails to allege how the defendants owed a duty to him directly. Without more than conclusory statements, Pierre's claim is inadequately pleaded.

In recognition of Pierre's pro se status, the Court will grant leave to amend for each cause of action except the Fifth Cause of Action. As the Court stated at the hearing on the motion to dismiss, Pierre is advised to plead specific facts that support his causes of action and, as discussed below, to avoid allegations that are not relevant to those causes of action.

### B. The Motion to Strike is Granted

Defendants move to strike the plaintiff's five-page introduction and specific paragraphs of the complaint as irrelevant and immaterial. Dkt. 8 at 6-7. Under Federal Rule of Civil Procedure 12(f), a court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. FED. R. CIV. P. 12(f). Pierre's five-page introduction regarding alleged malfeasance by transitional housing facilities does not make any specific allegations to support his claims. Likewise, paragraphs 2, 10, 12, 13, 14, 17, and 19 contain factual allegations that have no connection to plaintiff's causes of action. They are immaterial and irrelevant to Pierre's Complaint and should be stricken from any amended pleading.

## CONCLUSION

Plaintiff's Motion for Remand and Motion to Stay are DENIED. Defendants' Motion to Dismiss the First, Second, Third, Fourth, and Sixth Causes of Action is GRANTED WITH LEAVE TO AMEND. Defendants' Motion to Dismiss the Fifth Cause of Action is GRANTED WITH PREJUDICE. Defendants' Motion to Strike the introduction on pages one through five and paragraphs 2, 10, 12, 13, 14, 17, and 19 of the Complaint is GRANTED.

Plaintiff shall file any amended complaint within 30 days of the date of this Order. Plaintiff shall serve defendant Brian Dobbs and the United States Attorney's Office within 30 days of the date of this order.

The Court encourages Mr. Pierre to arrange for a free appointment with the Legal Help Center of the Justice & Diversity Center of the Bar Association of San Francisco, Room 2796, 15th Floor, 450 Golden Gate Avenue, San Francisco, California 94102. Appointments can be made by signing in the appointment book located on the table outside the door of the Legal Help Center or by calling (415) 782-8982.

**IT IS SO ORDERED**.

Dated: September 25, 2013



WILLIAM H. ORRICK
United States District Judge