UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GEORGE PIERRE,

    Plaintiff,

    v.

C. DIANA NICOLL, et al.,

    Defendants.

Case No. 13-cv-02427-WHO

**ORDER ON MOTION TO DISMISS AND SUBSTITUTE**

Re: Dkt. No. 32

Before the Court is the Motion to Dismiss and Substitute of San Francisco Veterans' Administration Medical Center employees C. Diane Nicoll, JoAnn Peters, and Brian Dobbs (the "VA Defendants"). For the reasons set forth below, the motion to substitute is GRANTED, and the motion to dismiss is GRANTED WITH PREJUDICE in part, and GRANTED WITH LEAVE TO AMEND in part.

**BACKGROUND**

Pro se plaintiff George Pierre, a homeless veteran, alleges that he was wrongfully evicted from the New Beginnings Center ("NBC") a transitional housing facility. He has sued employees of NBC and the VA Defendants and alleges six causes of action: (1) wrongful eviction; (2) age discrimination; (3) fraud; (4) intentional infliction of emotional distress; (5) negligent infliction of emotional distress; and (6) negligence.

Pierre claims that the VA Defendants are liable for his wrongful eviction and allegedly fraudulent and defamatory statements made against him because they have oversight for homeless shelters and programs such as NBC. Compl. ¶¶ 29-31; Dkt. No. 18 at 3-4. The VA Defendants have filed a motion to substitute the United States as a party in place of the individual VA Defendants and dismiss the complaint based on lack of subject matter jurisdiction and failure to

state a claim upon which relief may be granted. Dkt. No. 32

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests the subject matter jurisdiction of the court. *Doe v. Hagee*, 473 F. Supp. 2d 989, 994 (N.D. Cal. 2007). The plaintiff bears the burden of establishing the propriety of the court's jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A Rule 12(b)(1) motion will be granted if the complaint, when considered in its entirety, fails to allege on its face facts sufficient to establish subject matter jurisdiction. *Thornhill Publ'g Co. v. General Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). A defendant may seek dismissal under Rule 12(b)(1) by presenting evidence to refute the jurisdictional facts alleged in the complaint. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Once the defendant has introduced such evidence, the plaintiff must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction. *Doe v. Hagee*, 473 F. Supp. 2d at 994.

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). This standard is not akin to a probability requirement, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Where a plaintiff is proceeding *pro se*, the court has an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, *pro se* pleadings must still allege facts sufficient to allow

a reviewing court to determine whether a claim has been stated.  *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## DISCUSSION

### I. MOTION TO SUBSTITUTE

The VA Defendants move to substitute the United States as a party.  The Federal Employees Liability Reform and Tort Compensation Act immunizes United States employees from liability for their "negligent or wrongful act[s] or omission[s] ... while acting within the scope of [their] office or employment." 28 U.S.C. § 2679(b)(1).  The Attorney General certifies whether a United States employee was acting within the scope of his or her employment at the time of an event giving rise to a civil claim.  28 U.S.C. § 2679(d)(1).  Upon certification, "any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1).  The case then falls under the governance of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671 *et seq*.  *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 420 (1995).  The purpose of substitution is to "remove the potential personal liability of Federal employees for common law torts committed within the scope of their employment, and . . . instead provide that the exclusive remedy for such torts is through an action against the United States under the Federal Tort Claims Act." *Billings v. United States*, 57 F.3d 797, 799 (9th Cir. 1995).

Here, the United States Attorney has certified pursuant to 28 U.S.C. § 2679(d) that the VA Defendants were acting in the scope of their employment as employees of the SFVAMC with respect to the factual allegations in the Complaint.  Dkt. No. 33.  The Court previously rejected Pierre's argument that the VA Defendants were not acting within the scope of their employment.  *See* Dkt. No. 44.  Therefore, substitution of the United States in their place is proper.

### II. MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDCTION

The VA Defendants assert that the Court lacks subject matter jurisdiction under The Federal Tort Claims Act.  The FTCA waives the sovereign immunity of the United States for actions in tort and provides a remedy for persons injured by the tortious activity of an employee of

3

the United States where the employee was acting within the scope of his office or employment. 28 U.S.C. § 1346(b). However, there are certain limitations to the right to bring suit against the United States under the FTCA that are applicable here.

An FTCA action "shall not be instituted" against the United States unless the plaintiff first files an administrative claim with the "appropriate Federal agency" and the claim is denied. 28 U.S.C. § 2675(a). The claim requirement of section 2675(a) is a jurisdictional limitation. *Meridian Int'l Logistics, Inc. v. United States*, 939 F.2d 740, 743 (9th Cir. 1991). Because the requirement is jurisdictional, it "must be strictly adhered to." *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992).

The United States contends that Pierre failed to present his claim to the Veterans' Administration before filing this case, and Pierre neither alleged in his Complaint that he had done so nor opposed the motion to dismiss.[1] Therefore, it appears that Pierre failed to exhaust his administrative remedies, which is fatal to his claim against the United States.

If Pierre did exhaust, certain of his claims are still barred by the FTCA. Pierre's Third Cause of Action alleges that the defendants made misrepresentations to police officers and wrote false statements in his record at NBC. Compl. ¶¶ 29-31. But 28 U.S.C. § 2680(h) specifically excludes from the FTCA claims arising out of libel, slander, fraud, and misrepresentation. Although the Complaint does not make clear exactly who made the allegedly fraudulent statements, the Third Cause of Action is barred under the FTCA to the extent that it is alleged against the VA Defendants. 28 U.S.C. § 2680(h); *Owyhee Grazing Ass'n, Inc. v. Field*, 637 F.2d 694, 697 (9th Cir. 1981) ("claims against the United States for fraud or misrepresentation by a federal officer are absolutely barred").

Also, Pierre's Complaint appears to request injunctive relief ordering the Defendants to give Pierre a room at NBC and prevent future alleged wrongful evictions of tenants at transitional housing shelters. Compl. at 3-4, 12 ¶ 21. Pierre also requests punitive damages for his First,

---

[1] The Defendants refer to a declaration of Suzanne C. Will to support their contention that Pierre has not filed an administrative claim with the Veterans Administration. Dkt. No. 32 at 8. No such declaration was filed with the Court.

4

Second, Third, and Fourth Causes of Action. Compl. at 15 ¶ 27, 16 ¶ 35, 18 ¶ 41, 19-20. The FTCA makes the United States liable in money damages for the torts of its agents under specified conditions, but it does not submit the United States to injunctive relief or punitive damages. 28 U.S.C. § 2674; *Palm v. United States*, 835 F. Supp. 512, 518 (N.D. Cal. 1993). The claims for injunctive relief and punitive damages must be dismissed against the VA Defendants.

### III. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

On September 25, 2013, this Court granted the NBC Defendants' Motion to Dismiss Pierre's Complaint with leave to amend. Dkt. No. 44. For the reasons set forth in the September 25, 2013 Order, the Complaint fails to state a claim upon which relief may be granted against the VA Defendants.

### CONCLUSION

For the reasons set forth above, the Motion to Substitute is GRANTED. The Motion to Dismiss for lack of subject matter jurisdiction for failure to exhaust administrative remedies is GRANTED with leave to amend if Pierre alleges that he exhausted administrative remedies against the United States. The Motion to Dismiss for lack of subject matter jurisdiction as to the Third Cause of Action in its entirety, and to the First, Second, and Fourth Causes of Action insofar as they request injunctive relief and punitive damages, is GRANTED WITH PREJUDICE. The Motion to Dismiss for failure to state a claim is GRANTED WITH LEAVE TO AMEND. Any amended complaint shall be filed by November 20, 2013.

**IT IS SO ORDERED**.

Dated: October 23, 2013

_____
WILLIAM H. ORRICK
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE PIERRE,<br><br>        Plaintiff,<br><br>  v.<br><br>DR C DIANA NICOLL MD et al,<br><br>        Defendant. | Case Number: CV13-02427 WHO<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 23, 2013, I SERVED a true and correct copy of the attached, by placing said copy in a postage paid envelope addressed to the person hereinafter listed, by depositing said envelope in the U.S. Mail.

George Pierre
P.O. Box 9986
Berkeley, CA 94709

Dated: October 23, 2013

Richard W. Wieking, Clerk
By: Jean Davis, Deputy Clerk